## POOL SHIPPING CO. v. UNITED STATES.

District Court, S. D. Texas, at Galveston.
April 1, 1929.

No. 1345.

Lockhart, Hughes & Lockhart, of Galveston, Tex., for libelant.

H. M. Holden, U. S. Dist. Atty., and Howell Ward, Asst. U. S. Dist. Atty., both of Houston, Tex.

HUTCHESON, District Judge. This is a libel for collision brought by a moored vessel against one moving in the Houston Ship Channel.

The facts in this case are that the steamship Kirkpool, on July 2, 1928, moored without lights or lookout at Sprunts dock in the city of Houston. At that time there was another vessel at the dock, leaving insufficient room for the Kirkpool to moor inside the dock, so that her stem was permitted to project from 50 to 65 feet upstream. The other vessel moved later, leaving plenty of space at the stern of the Kirkpool, but notwithstanding she did not fall back alongside the dock. There were several bright lights on the platform of the dock on the stern of the Kirkpool, but none alongside of the Kirkpool, and the glare of the lights behind the Kirkpool obscured her to the Cliffwood coming up stream.

At the point of the collision, the shore line of the channel makes a considerable turn to the left. The dredged channel has a depth of 30 feet, and a width of 150 feet at the bottom, but at the dock the channel has been dredged to a depth of 30 feet to the shore line.

The result of the Kirkpool mooring as she did was to leave her bow projecting a few feet into the regular channel, and to take up all the deep water between the dock and the channel.

Respondents point as the cause of the collision to the fault of the Kirkpool in failing to display lights as they say in violation of prudent navigation and of the ordinances of the city of Houston under the circumstances of its mooring.

The fault of the respondent in running into the Kirkpool in a wide channel and under circumstances making navigation not difficult being clear, it is contended with much vigor by libelant that, even though the Kirkpool was at fault in failing to have lights warning ships using the channel, such fault was not a contributing cause of the damage, but merely a case of slight fault, having no causal connection with the injury.

It is entirely plain from the evidence that the moving vessel was at fault, and the real controversy in the case turns upon whether the moored vessel contributed in such way to the injury as to make a proper case for divided damages. For it is now the settled rule in federal courts that, where the fault of one of the parties is clear, no case of divided damages arises unless it is shown with equal clearness that the other party was also at fault. The Oregon, 158 U. S. 195, 15 S. Ct. 804, 39 L. Ed. 943; The Wm. Chis-holm (C. C. A.) 153 F. 713; The Plymothian, 168 U. S. 410, 18 S. Ct. 149, 42 L. Ed. 519; The Stadacona (C. C. A.) 242 F. 627.

It is true that this rule is apparently not always rigidly applied; many courts seeming to find divided damages under the influence of a rusticum judicium which apportions the loss equally between both parties when the fault is inscrutable, when there has been fault on both sides, and when there may have been fault but it is uncertain on which side it lies. The Scioto, Fed. Cas. No. 12508; The Comet, Fed. Cas. No. 3050; Jarvies v. State of Maine, Fed. Cas. No. 7224.

The general subject is treated most interestingly in the November issue of the New York University Law Review, in an authoritative and very readable article by George C. Sprague, an admiralty lawyer of wide experience and ability.

I have consistently refused, in the trial of collision cases, to make a sloppy disposition of them by dividing damages, except where the fault of both ships is clear, the sort of half-loaf disposition which the rule of divided damages as now applied is not intended to foster, but which its origin and nature lends itself readily to.

Considering the evidence in this case, however, in the light of the rule which I have tried always to apply, that where the fault of the moving vessel, as here, is clear, the fault of the stationary vessel must be made plainly to appear, I believe that the circumstances of the mooring, without lights, at the curve of the channel, like this one was moored, was a contributing fault, so as to justify in this case the application of the divided damage rule, and a decree so finding will be entered.